USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
HEPZIBAH Z. ALLEN, :
:
                    Plaintiff, :
: 17-CV-8192 (VSB)
      - against - :
: **OPINION & ORDER**
:
UNITED STUDENT AID :
FUNDS, INC., et al., :
:
                 Defendants. :
------------------------------------------------------X

Appearances:

Hepzibah Z. Allen
New York, New York
*Pro Se Plaintiff*

Silvia L. Serpe
Serpe Ryan LLC
New York, New York
*Counsel for Defendant United Student Aid Funds, Inc.*

Eric Matthew Hurwitz
Jacqueline Marie Aiello
Stradley Ronon Stevens & Young, LLP
New York, New York
*Counsel for Defendants Navient Solutions LLC & Pioneer Credit, Inc.*

VERNON S. BRODERICK, United States District Judge:

       Pro se Plaintiff Hepzibah Allen brings this action against Defendants Navient Solutions LLC ("NSL"), Navient,[1] Pioneer Credit Recovery, Inc. ("Pioneer," and collectively with NSL and Navient, the "Navient Defendants"), and United Student Aid Funds, Inc. ("USAF"), alleging

---

[1] The Navient Defendants explain that Navient Corporation, the parent company of NSL and Pioneer, has been misidentified by Plaintiff as Navient, an entity that does not exist. (Navient Defs.' Mem. 1.) For the purposes of this motion, I construe any claims asserted against Navient as if they had been asserted against Navient Corporation. "Navient Defs.' Mem." refers to the Memorandum of Law in Support of Motion to Dismiss of Defendants Navient Solutions, LLC, "Navient," and Pioneer Credit Recovery, Inc., filed January 4, 2018. (Doc. 15-1.)

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Before me are the motions of the Navient Defendants and USAF to dismiss the Complaint. Because Defendants do not qualify as debt collectors under the FDCPA, Defendants' motions are GRANTED.

## I. **Background**[2]

On January 21, 2003, Plaintiff obtained a student loan (the "Loan") under the Federal Family Education Loan Program ("FFELP"). (Compl. Ex. B.)[3] FFELP loans are guaranteed by state agencies or private non-profit organizations and are reinsured and often subsidized by the Department of Education ("DOE"). *See* 20 U.S.C. §§ 1078, 1087-1. In the event a borrower defaults in repaying the loan, the guarantor, pursuant to its guarantee commitment, pays on the claim to the holder of the loan, and ownership of the loan then vests with the guarantor. *See* 20 U.S.C. § 1078(b); 34 C.F.R. § 682.401(b)(9). After the loan vests with the guarantor, the guarantor may independently try to collect the debt from the debtor. NSL serviced Plaintiff's Loan from origination, and the guarantor at the time the Loan was originated was designated as USAF. (*See* Compl. Ex. A, B, D.)

On October 14, 2016, Plaintiff defaulted on the Loan, and USAF, acting as guarantor, purchased the Loan. (*See id.* Ex. A, D.) Thereafter, USAF sent Plaintiff a letter dated April 30, 2017 (the "April 2017 Letter"), indicating what efforts USAF could take to recover the amount due and owing under the note. (*Id.* Ex. C.) The April 2017 Letter also informed Plaintiff that future collection efforts might include, among other things, garnishment, offset of income tax

---

[2] The following factual summary is drawn from the allegations of the complaint, which I assume to be true for the purposes of this motion, *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), and documents attached to or relied upon in the complaint, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[3] "Compl." refers to Plaintiff's complaint ("Complaint"), filed October 24, 2017. (Doc. 1.)

refunds, and civil litigation. (*See id.*)

Plaintiff alleges that Defendants improperly assigned the debt, misrepresented the amount owed, engaged in improper wage garnishments, and failed to supply Plaintiff with debt verification language in USAF's April 2017 Letter.

## II. Procedural History

On October 24, 2017, Plaintiff filed her Complaint. (Doc. 1.) On January 4, 2018, the Navient Defendants filed their motion to dismiss the Complaint, (Doc. 15), along with a memorandum of law in support of their motion, (Doc. 15-1). On the same day, USAF filed its motion to dismiss the Complaint, (Doc. 16), and memorandum in support, (Doc. 17). On January 11, 2018, Plaintiff filed oppositions to Defendants' motions. (Docs. 19, 21.) The Navient Defendants filed their reply in further support of their motion on January 18, 2018, (Doc. 23); USAF did the same on February 14, 2018, (Doc. 24).

On February 20 and 21, 2018, Plaintiff filed letters in further opposition to Defendants' replies, (Doc. 25, 26), which attached, among other documents, (i) a letter dated September 18, 2017 from Navient to Plaintiff and (ii) a letter dated August 9, 2017 from USAF to Plaintiff. On February 23, 2018, the Navient Defendants submitted a letter requesting that I disregard Plaintiff's letters because the additional information was not included in the Complaint or in Plaintiff's oppositions.[4] (Doc. 27.)

---

[4] The additional information provided in and attached to Plaintiff's letters does not change the outcome of this Opinion & Order. USAF's request to disregard Plaintiff's letters is therefore denied as moot.

### III. Legal Standards

#### A. *Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers*, 282 F.3d at 152 (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

## B. *The FDCPA*

"[T]he FDCPA is 'primarily a consumer protection statute.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008)). Courts construe the FDCPA liberally to further the purpose Congress intended for the Act, which was to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* (quoting 15 U.S.C. § 1692(e)).

In determining whether there has been a violation of the FDCPA, courts "apply the 'least sophisticated consumer' standard." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The "least sophisticated consumer" is a "naïve" and "credulous" person who possesses a "rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 193–94 (2d Cir. 2015) (quoting *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005)). In applying this standard, courts "ask how the least sophisticated consumer . . . would understand the collection notice" at issue. *Avila*, 817 F.3d at 75. "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Id.* (quoting *Clomon*, 988 F.2d at 1319). "Thus, even if a debt collector accurately conveys the required information, a consumer may state a claim if she successfully alleges that the least sophisticated consumer would inaccurately interpret the message." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017). FDCPA protection, however, "does not extend to every bizarre or idiosyncratic interpretation of a collection notice, and courts should apply the standard in a manner . . . that protects debt collectors against liability

5

for unreasonable misinterpretations of collection notices." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015) (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233–34 (2d Cir. 2012)).

### C. *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

### IV. **Discussion**

Defendants argue that Plaintiff fails to differentiate between each Defendant in her Complaint, (Navient Defs.' Mem. 4–5; USAF Mem. 7–8),[5] which provides an independent basis for dismissal, *see, e.g.*, *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) (upholding dismissal of a complaint pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure where the complaint alleged "a host of constitutional and state common

---

[5] "USAF Mem." refers to USAF's Memorandum of Law in Support of its Motion to Dismiss, filed January 4, 2018. (Doc 17.)

6

law claims" but "failed to differentiate among the defendants, alleging instead violations by 'the defendants'"). Defendants are correct, but in light of Plaintiff's pro se status, I will not dismiss the Complaint on this basis alone.

Defendants also argue that they are not debt collectors under the FDCPA and that the Complaint otherwise fails to adequately allege that Defendants violated the FDCPA. Because I find that Defendants do not fall within the definition of debt collectors under the Act, I do not reach Defendants' remaining arguments.

### A. *"Debt Collector" Under the FDCPA*

#### 1. Applicable Law

To establish a violation of the FDCPA, a plaintiff must satisfy three elements: (i) the plaintiff must be a "consumer;" (ii) the defendant must be a "debt collector;" and (iii) the defendant must have committed some act or omission in violation of the FDCPA. *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013) (quoting *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010)). Accordingly, "a defendant can only be held liable for violating the FDCPA if she is a 'debt collector' within the meaning of the [FDCPA]." *Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 599 (S.D.N.Y. 2012) (citing *Daros v. Chase Manhattan Bank*, 19 F. App'x 26, 27 (2d Cir. 2001) (summary order)). A "debt collector" is a person "who regularly collects . . . debts owed . . . another" or a person involved "in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6).

The same provision exempts "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was originated by such person; [or] concerns a debt which was not in default at the time it was obtained by such person"

7

from the FDCPA's definition of a debt collector. *Id.* "District courts in the Second Circuit have interpreted [§] 1692a(6) to exclude originating creditors and their assignees, as well as loan servicers who obtain a debt prior to default, from the definition of an FDCPA debt collector." *Vallecastro v. Tobin, Melien & Marohn*, No. 3:13–cv–1441 (SRU), 2014 WL 7185513, at *3 (D. Conn. Dec. 16, 2014) (collecting cases); *cf. Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (finding that the FDCPA does not apply to entities attempting to collect debts owed to them). In other words, "[w]hen a loan servicer obtains an account prior to its default, that loan servicer operates as a creditor, not a debt collector, for the purposes of the FDCPA." *Vallecastro*, 2014 WL 7185513, at *3.

Section 1692a(6) also exempts "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F)(i). "Two requirements must be satisfied for an entity to come within the exception to the FDCPA for collection activities 'incidental to a bona fide fiduciary obligation.'" *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1032 (9th Cir. 2009) (quoting § 1692a(6)(F)(i)).[6] "First, the entity must have a 'fiduciary obligation.'" *Id.* Second, the entity's collection activity must be 'incidental to' its 'fiduciary obligation.'" *Id.* Although "[f]ew courts have addressed the fiduciary obligation exception," *Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767(LAP), 2015 WL 5333513, at *13 (S.D.N.Y. Sept. 14, 2015), at least one court explicitly concluded that USAF fits within this exemption under the FDCPA, *see Davis v. United Student Aid Funds, Inc.*, 45 F. Supp. 2d 1104, 1109 (D. Kan. 1998) ("The court thus concludes that [USAF], as a guaranty agency, 'holder' of

---

[6] Defendants do not cite to, nor am I aware of, any Second Circuit case discussing the fiduciary obligation exception in this context. However, I see no reason to depart from the out-of-Circuit authority cited herein.

[the plaintiff's] note, and trustee owing a fiduciary duty to the Secretary of Education, fits within the 'fiduciary' exemption stated in 15 U.S.C. § 1692[a](6)(F)(i).").

### 2. Application

#### a. The Navient Defendants

Accepting Plaintiff's assertions as true for the purposes of the motion to dismiss, as I must, she has not pleaded sufficient facts to classify any of the Navient Defendants as debt collectors within the meaning of the FDCPA. As to Navient and Pioneer, there are no non-conclusory allegations in the Complaint that Navient or Pioneer was a debt collector, or that Navient or Pioneer engaged in any debt collection activity. Nor are there any allegations that Navient or Pioneer was ever the servicer of the Loan, owned the Loan, or made any efforts to collect the Loan.

As to NSL, Plaintiff concedes that NSL was the servicer of the Loan, which in turn is confirmed by the documents attached to the Complaint. (Compl. ¶ 7; *id.* Ex. B.) Moreover, Plaintiff admits that NSL was formerly known as Sallie Mae, Inc.—the originator of Plaintiff's Loan—and thus NSL has serviced the Loan since origination. *See Spyer v. Navient Sols., Inc.*, No. 15-3814 (NLH/JS), 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016), *reconsideration denied*, No. 15-3814 (NLH/JS), 2016 WL 5852849 (D.N.J. Oct. 4, 2016) ("Navient is not a "debt collector" under the FDCPA under these circumstances because it became the loan servicer (first as Sallie Mae before it changed its name) while plaintiff's loan were not in default."). By definition, Navient began servicing the loans *prior* to any default. *See Caione v. Navient Corp.*, No. 16-0806(NLH/JS), 2016 WL 4432687, at *5 (D.N.J. Aug. 18, 2016) (holding that "the facts pled indicate Navient (as corporate successor to Sally Mae) was the loan originator" and "[b]y definition, then, Navient began servicing the loans prior to any default"). Plaintiff does not

9

plausibly allege any facts to support the claim that any of the Navient Defendants were debt collectors, and her FDCPA claims against the Navient Defendants are therefore dismissed.

b. USAF

Nor has Plaintiff pleaded sufficient facts to classify USAF as a debt collector within the meaning of the FDCPA. Plaintiff attempts to allege that USAF is a debt collector by stating that Defendants "admitted in . . . exhibit C that they were acting collectively as 'debt collectors.'" (Compl. ¶ 19.) Exhibit C is a letter dated April 30, 2017 from USAF to Plaintiff, which states: "This is an attempt to collect a debt and any information will be used for that purpose." (Compl. Ex. C, at 3.) An attempt to collect a debt, however, does not amount to the FDCPA's definition of a "debt collector."

Plaintiff does not dispute that USAF acted in its capacity as guarantor for the Loan. (*See* Compl. ¶ 13 ("The Communication confessed that an alleged 'guarantor' purchased the loan on October 24, 2016 although the details of the alleged purchase remains shrouded in mystery.").) Moreover, the materials attached to Plaintiff's Complaint further demonstrate that USAF acted in its capacity as guarantor. (*See id.* Exs. A, C.) USAF administers the loan program and conducts collection activities as fiduciaries of the DOE. *See, e.g.*, *Rowe*, 559 F.3d at 1034 ("Every court that has addressed whether a guaranty agency owes a fiduciary obligation to the DOE has held that it does." (citing cases)). Furthermore, Plaintiff does not allege that USAF's central activity (as opposed to an "incidental" activity) is that of a debt collector. 15 U.S.C. § 1692a(6)(F). Instead, "[g]enerally speaking, the collection of defaulted debts by a guaranty agency is 'incidental to' its primary function." *Rowe*, 559 F.3d at 1035 (explaining that "a central part of a guaranty agency's administrative function is—as the name suggests—guaranteeing student loans made by other entities").

Further, although the fiduciary obligation exception has rarely been addressed in this Circuit, and even less so in this context, this particular issue was raised in a litigation outside of this Circuit, in which the district court explicitly exempted USAF under the fiduciary obligation exception. *See Davis v. United Student Aid Funds, Inc.*, 45 F. Supp. 2d 1104, 1109 (D. Kan. 1998). I see no reason to depart from the reasoning in *Davis* and the other cases cited herein. Because USAF, acting as a guarantor, has a bona fide fiduciary obligation to the DOE, and because USAF's collection activity is incidental to that fiduciary obligation, USAF is not a "debt collector" as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(i) (exempting "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation"). Plaintiff's FDCPA claims against USAF are therefore dismissed.

**B.** *Declaratory Relief*

Count One of Plaintiff's Complaint seeks declaratory relief under the FDCPA. Although the Second Circuit has not had occasion to address this issue, *see Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 223 n.1 (2d Cir. 2012), district courts in this Circuit have held that neither equitable nor declaratory relief is available to private litigants under the FDCPA, *see Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 298 (E.D.N.Y. 2005) (collecting cases and explaining that "[t]he FDCPA contains no express provision for injunctive or declaratory relief in private actions"). Similarly, courts outside of this Circuit have concluded that neither injunctive nor declaratory relief is available to private litigants under the FDCPA. *See, e.g.*, *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) (concluding that the FDCPA contains no express provision for declaratory or injunctive relief in private actions); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000) ("[A]ll private

11

actions under the Fair Debt Collection Practices Act are for damages."). Because the FDCPA does not expressly provide for injunctive or declaratory relief in private actions, Plaintiff's claims for declaratory relief under the Act are dismissed.

    **C.** *Dismissal With Prejudice*

Rule 15(a) of the Federal Rules of Civil Procedure requires that courts grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). "[I]t is within the sound discretion of the court whether to grant leave to amend." *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280, 281 (S.D.N.Y. 2010) (quoting *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994)). Complaints brought by pro se litigants are typically dismissed without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (leave to amend should be given unless there is no indication that the pro se plaintiff will be able to assert a valid claim); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (per curiam) (pro se complaints generally "not dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (citation omitted)).

Here, I granted Plaintiff leave to amend her Complaint after she received Defendants' motions to dismiss, (*see* Doc. 18), and she chose not to file an amended pleading. Nor has Plaintiff requested leave to amend in the event that Defendants' motions are granted. Although I am cognizant of Plaintiff's pro se status, a liberal reading of the Complaint does not suggest any indication that a valid claim might be stated. Accordingly, Plaintiff's claims are dismissed with prejudice.

## V. Conclusion

For the foregoing reasons, Defendants' motions are GRANTED, and Plaintiff's claims are dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the pending motions, (Docs. 15, 16), enter judgment for Defendants, and close this case.

SO ORDERED.

Dated: September 28, 2018
    New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge