```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
HEPZIBAH Z. ALLEN,                                       :
                                                         :
                                   Plaintiff,            :
                                                         :           17-CV-8192 (VSB)
                    - against -                          :
                                                         :           **OPINION & ORDER**
UNITED STUDENT AID FUNDS, INC.,                          :
et al.,                                                  :
                                                         :
                                   Defendants.           :
---------------------------------------------------------X
```

Appearances:

Hepzibah Z. Allen
New York, New York
*Pro Se Plaintiff*

Silvia L. Serpe
Serpe Ryan LLC
New York, New York
*Counsel for Defendant United Student Aid Funds, Inc.*

Dustin Peter Mansoor
Houser & Allison, APC
New York, New York
*Counsel for Defendant Navient Solutions, LLC*

Eric Matthew Hurwitz (Cherry Hill, New Jersey)
Jacqueline Marie Aiello (New York, New York)
Stradley Ronon Stevens & Young, LLP
*Counsel for Defendants Navient Solutions, LLC, Pioneer Credit Recovery, Inc., and Navient*

VERNON S. BRODERICK, United States District Judge:

Before me is pro se Plaintiff Hepzibah Allen's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from my September 28, 2018 Opinion & Order (the "9/28/18 O&O," Doc. 29), dismissing Plaintiff's complaint with prejudice. (Doc. 31.) Because I find that there is no basis for me to reconsider my 9/28/18 O&O, Plaintiff's motion is DENIED.

I.  **Background and Procedural History**[1]

Plaintiff filed this action against Defendants Navient Solutions, LLC ("NSL"), Navient,[2] Pioneer Credit Recovery, Inc. ("Pioneer," and collectively with NSL and Navient, the "Navient Defendants"), and United Student Aid Funds, Inc. ("USAF") on October 24, 2017, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (*See generally* Compl.)[3]

Plaintiff's claims relate to a student loan (the "Loan") that Plaintiff obtained under the Federal Family Education Loan Program on January 21, 2003. (Compl. Ex. B.) From the time of origination, NSL serviced Plaintiff's Loan and USAF acted as guarantor. (*See id.* Exs. A, B, D.) After Plaintiff defaulted on the Loan on October 14, 2016, USAF purchased the Loan and began to undertake collection efforts. (*See id.* Exs. A, C, D.) Plaintiff then filed suit, alleging, among other things, that Defendants improperly assigned her debt, misrepresented the amount owed, and engaged in improper wage garnishment.

On September 28, 2018, I granted the motions to dismiss filed by the Navient Defendants, (Doc. 15), and USAF, (Doc. 16). (*See* 9/28/18 O&O.) In the 9/28/18 O&O, I determined that Plaintiff had failed to state a claim upon which relief could be granted because Defendants did not qualify as "debt collectors" within the meaning of the FDCPA. With respect to the Navient Defendants, I determined that the Complaint contained no non-conclusory allegations that either Navient or Pioneer was a debt collector or had engaged in any debt collection activity. (*See* 9/28/18 O&O 9–10.) With regard to NSL, I determined that because it

---

[1] For purposes of this Opinion & Order, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background summarized in my 9/28/18 O&O.

[2] The Navient Defendants explain that Navient Corporation, the parent company of NSL and Pioneer, has been misidentified by Plaintiff as Navient, an entity that does not exist. (*See* 9/28/18 O&O 1 n.1.)

[3] "Compl." refers to Plaintiff's complaint ("Complaint"), filed October 24, 2017. (Doc. 1.)

had serviced Plaintiff's Loan since origination, it also did not qualify as a "debt collector" under the FDCPA. (*See id.*; *see also Vallecastro v. Tobin, Melien & Marohn*, No. 3:13 cv 1441 (SRU), 2014 WL 7185513, at *3 (D. Conn. Dec. 16, 2014) ("When a loan servicer obtains an account prior to its default, that loan servicer operates as a creditor, not a debt collector, for the purposes of the FDCPA.").) I also concluded that USAF did not qualify as a "debt collector" because, as a guarantor, USAF had a bona fide fiduciary obligation to the United States Department of Education, and its collection activity was incidental to that fiduciary obligation. (*See* 9/28/18 O&O 10–11; *see also* 15 U.S.C. § 1692a(6)(F) (exempting "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation").)

On October 11, 2018, Plaintiff filed the instant motion for reconsideration, along with an affidavit and exhibits in support. (Doc. 31.) On December 10, 2018, the Navient Defendants and USAF both submitted oppositions to Plaintiff's motion. (Docs. 34, 35.) Plaintiff did not file a reply.

## II.  Legal Standard

Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 allow reconsideration or reargument of a court's order in certain limited circumstances. "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.3d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

### III. Discussion

Plaintiff fails to present the "exceptional circumstances" required to meet her burden on her motion for reconsideration. Instead, Plaintiff rehashes arguments set forth in her original motion papers in support of her contention that Defendants qualify as "debt collectors" under the FDCPA. Plaintiff's only support for this proposition is found in letters attached to Plaintiff's motion for reconsideration. (*See* Allen Aff. Ex. A.)[4] However, several of these letters were also attached to Plaintiff's Complaint and were therefore already considered in conjunction with my

---

[4] "Allen Aff." refers to Plaintiff's Affidavit in Support, filed October 11, 2018. (Doc. 31.)

4

ruling on Defendants' motions to dismiss. (*Compare* Compl. Ex. C (April 30, 2017 letter from USAF), *with* Allen Aff. Ex. A, at 8 (same); Compl. Ex. A (June 26, 2017 letter from NSL), *with* Allen Aff. Ex. A, at 13 (same); Compl. Ex. D (June 15, 2017 letter from NSL), *with* Allen Aff. Ex. A, at 11 (same).) The remaining letters are not materially different from those attached to the Complaint. (*Compare, e.g.*, Compl. Exs. A, D (June 2017 NSL letters), *with* Allen Aff. Ex. A, at 1 (May 2017 NSL letter).)

In any event, each of these letters predates the filing of Plaintiff's Complaint on October 24, 2017. (*See generally* Allen Aff. Ex. A.) Plaintiff has offered no explanation for her failure to submit these documents earlier. The same is true of two 2015 news articles which Plaintiff attached to her motion for reconsideration and which refer to Pioneer broadly as a "private collection agenc[y]." (*Id.* Ex. B.) Because Plaintiff is not permitted on a motion for reconsideration to "advance new facts, issues or arguments" that could have been but were not previously presented to the Court, I find no grounds to reconsider the conclusions set forth in the 9/28/18 O&O on the basis of these documents. *Polsby*, 2000 WL 98057, at *1 (internal quotation marks omitted). Moreover, as I noted in the 9/28/18 O&O, the fact that certain of the Defendants attempted to collect on Plaintiff's defaulted loan does not, without more, indicate that they satisfy the FDCPA's definition of a "debt collector." (*See* 9/28/18 O&O 10.)

Separately, Plaintiff's assertion that Defendants' efforts to collect Plaintiff's debt were "incidental to [their] declared fiduciary obligation," (Allen Aff. ¶¶ 6, 8), in fact supports the conclusion that they are not debt collectors under the FDCPA. The FDCPA expressly exempts from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F).

Because Plaintiff has failed to demonstrate any intervening change of controlling law, the availability of any new evidence, or the need to correct a clear error or prevent manifest injustice, her motion for reconsideration is denied.

### IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion for relief from the 9/28/18 O&O is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Entry 31 and to close the case.

SO ORDERED.

Dated: September 26, 2019
      New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge