UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
HEPZIBAH Z. ALLEN,                                       :
                                                         :
                                    Plaintiff,           :
                                                         :                17-CV-8192 (VSB)
                 - against -                             :
                                                         :                **OPINION & ORDER**
UNITED STUDENT AID FUNDS, INC.,                          :
et al.,                                                  :
                                                         :
                                    Defendants.          :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/2021

Appearances:

Hepzibah Z. Allen
New York, New York
*Pro Se Plaintiff*

Silvia L. Serpe
Serpe Ryan LLC
New York, New York
*Counsel for Defendant United Student Aid Funds, Inc.*

Dustin Peter Mansoor
Houser & Allison, APC
New York, New York
*Counsel for Defendant Navient Solutions, LLC*

Eric Matthew Hurwitz (Cherry Hill, New Jersey)
Jacqueline Marie Aiello (New York, New York)
Stradley Ronon Stevens & Young, LLP
*Counsel for Defendants Navient Solutions, LLC, Pioneer Credit Recovery, Inc., and Navient*

VERNON S. BRODERICK, United States District Judge:

  Before me is pro se Plaintiff Hepzibah Allen's second motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from my September 28, 2018 Opinion & Order (the "9/28/18 O&O," Doc. 29), dismissing Plaintiff's complaint with prejudice. (Doc. 31.) Because I find that there is no basis for me to reconsider my 9/28/18 O&O, Plaintiff's motion is DENIED.

I.  **<u>Background and Procedural History</u>**[1]

Plaintiff filed this action against Defendants Navient Solutions, LLC ("NSL"), Navient,[2] Pioneer Credit Recovery, Inc. ("Pioneer," and collectively with NSL and Navient, the "Navient Defendants"), and United Student Aid Funds, Inc. ("USAF") on October 24, 2017, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (*See generally* Compl.)[3]

Plaintiff's claims relate to a student loan (the "Loan") that Plaintiff obtained under the Federal Family Education Loan Program on January 21, 2003. (Compl. Ex. B.) From the time of origination, NSL serviced Plaintiff's Loan and USAF acted as guarantor. (*See id.* Exs. A, B, D.) After Plaintiff defaulted on the Loan on October 14, 2016, USAF purchased the Loan and began to undertake collection efforts. (*See id.* Exs. A, C, D.) Plaintiff then filed suit, alleging, among other things, that Defendants improperly assigned her debt, misrepresented the amount owed, and engaged in improper wage garnishment.

On September 28, 2018, I granted the motions to dismiss filed by the Navient Defendants, (Doc. 15), and USAF, (Doc. 16). (*See* 9/28/18 O&O.) In the 9/28/18 O&O, I determined that Plaintiff had failed to state a claim upon which relief could be granted because Defendants did not qualify as "debt collectors" within the meaning of the FDCPA. With respect to the Navient Defendants, I concluded that the Complaint contained only conclusory allegations that Navient or Pioneer was a debt collector or had engaged in any debt collection activity. (*See* 9/28/18 O&O 9–10.) With regard to NSL, I determined that because it had serviced Plaintiff's

---

[1] For purposes of this Opinion & Order, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background summarized in my 9/28/18 O&O.

[2] The Navient Defendants explain that Navient Corporation, the parent company of NSL and Pioneer, has been misidentified by Plaintiff as Navient, an entity that does not exist. (*See* 9/28/18 O&O 1 n.1.)

[3] "Compl." refers to Plaintiff's complaint ("Complaint"), filed October 24, 2017. (Doc. 1.)

Loan since origination, it also did not qualify as a "debt collector" under the FDCPA. (*See id.*); *see also Vallecastro v. Tobin, Melien & Marohn*, No. 3:13-cv-1441 (SRU), 2014 WL 7185513, at *3 (D. Conn. Dec. 16, 2014) ("When a loan servicer obtains an account prior to its default, that loan servicer operates as a creditor, not a debt collector, for the purposes of the FDCPA."). I also concluded that USAF did not qualify as a "debt collector" because, as a guarantor, USAF had a bona fide fiduciary obligation to the United States Department of Education, and its collection activity was incidental to that fiduciary obligation. (*See* 9/28/18 O&O 10–11); *see also* 15 U.S.C. § 1692a(6)(F) (exempting "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation").

On October 11, 2018, Plaintiff filed a motion for reconsideration, along with an affidavit and exhibits in support ("First Motion for Reconsideration"). (Doc. 31.) On December 10, 2018, the Navient Defendants and USAF submitted oppositions to Plaintiff's motion. (Docs. 34, 35.) Plaintiff did not file a reply. On September 26, 2019, I denied Plaintiff's First Motion for Reconsideration on the grounds that Plaintiff failed to present the "exceptional circumstances" required to meet her burden on her motion for reconsideration; instead, she rehashed arguments set forth in her original motion papers. (Doc. 36 at 4.) I observed that although Plaintiff submitted certain letters, several of them were already considered in conjunction with my ruling on Defendant's motion to dismiss. (*Id.* at 4–5.)

On March 11, 2020, Plaintiff filed the instant motion for reconsideration, along with an affidavit and exhibit in support. (Doc. 37.) The Navient Defendants submitted an opposition to Plaintiff's motion on March 19, 2020. (Doc. 38.) USAF did not submit an opposition, and Plaintiff did not file a reply.

3

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 allow reconsideration or reargument of a court's order in certain limited circumstances. "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.3d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701

(S.D.N.Y. 2001)).[4]

### III. Discussion

First, I note that Plaintiff's motion was filed more than one year after I entered judgment in this case. (*See* 9/28/18 O&O; Doc. 27 (Plaintiff's Second Motion for Reconsideration, filed March 11, 2020)). Plaintiff premises her motion Federal Rule of Civil Procedure 60(b)(1)(6), (Pl. Notice of Motion 1),[5] which permits relief for "any other reason that justifies relief." A motion for reconsideration on this ground "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Given that I find that Plaintiff again fails to meet her burden for reconsideration, I do not resolve whether her 17-month delay is reasonable, but note that Plaintiff does not explain the reason for this delay.[6]

Second, Plaintiff fails to present the "exceptional circumstances" required to meet her burden on her motion for reconsideration. Instead, Plaintiff rehashes arguments set forth in both her original motion papers and her First Motion for Reconsideration in support of her contention that Defendants qualify as "debt collectors" under the FDCPA. Plaintiff's only support for this proposition is found in a letter attached to Plaintiff's motion for reconsideration. (*See* Allen Aff., Attachment A.)[7] Plaintiff avers that based on this letter, the Defendants admitted to having a

---

[4] I note that courts in other circuits have disapproved of successive motions for reconsideration. *See, e.g.*, *Pruco Life Ins. Co. v. Breen*, CIVIL ACTION NO. 15-3250 c/w NO. 15-6946, 2019 WL 1111511, at *2 (E.D. La. Mar. 11, 2019) ("Successive motions for reconsideration are condemned by well-established authority in the Fifth and other circuits.") (internal quotation marks omitted); *Diaz v. King*, Civ. No. 14-1086 KG/SCY, 2016 WL 9819509, at *2 (D.N.M. Oct. 17, 2016) ("The Court notes first that the Federal Rules of Civil Procedure do not authorize successive motions for reconsideration.")

[5] "Pl. Notice of Motion" refers to Plaintiff's notice of motion for reconsideration, filed on March 11, 2020. (Doc. 37.)

[6] Even if Plaintiff's delay could be explained by Plaintiff premising her motion in part on a letter dated January 24, 2020, (*see* Doc. 37 at 11), Plaintiff did not file her motion until approximately a month and a half after the date on said letter.

[7] "Allen Aff." refers to Plaintiff's Affidavit in Support, filed March 11, 2020. (Doc. 37.) I note that Plaintiff references certain exhibits that are not attached to the instant motion, (*see generally* Allen Aff.); however, these appear to be the same exhibits attached to her First Motion for Reconsideration, so I do not repeat my findings regarding those exhibits here. However, the findings with regard to those exhibits are incorporated here by

5

fiduciary obligation, that "Navient [is] in collusion with an entity known as Ascendium Education Solutions, Inc.", and "that the collection activities of Navient Corp in collusion with Ascendium Education Solutions, Inc. . . . were incidental to its declared fiduciary obligation." (Allen. Aff. ¶¶ 6, 8–9.)  Although the letter attached is from January 2020 and lists Ascendium Education Solutions, Inc. as the guarantor, it is not materially different from those attached to the Complaint.  (*Compare, e.g.*, Compl. Exs. A, D (June 2017 NSL letters), *with* Allen Aff., Attachment A at 1 (January 2020 NSL letter).)  Even if this letter could be considered "new evidence," this evidence "does not justify the extraordinary remedy of reconsideration."  *See Asia TV USA Ltd. v. Total Cable USA LLC*, No. 16-cv-6873 (AJN), 2018 WL 2435175, at *2 (S.D.N.Y. May 30, 2018) (denying motion for reconsideration even where certain evidence "could not have been developed or discovered before the Court's Order"); *Earle v. United States*, No. 02 Civ. 0432(SHS), 2004 WL 1367162, at *3 (S.D.N.Y. June 17, 2004) (denying reconsideration where new evidence failed to show that petitioner was entitled to relief from the court's order).

Additionally, Ascendium Education Solutions, Inc. is not a defendant in this action, and even if it was, as I noted in the 9/28/18 O&O and the First Motion for Reconsideration O&O, the fact that certain of the Defendants attempted to collect on Plaintiff's defaulted loan does not, without more, indicate that they satisfy the FDCPA's definition of a "debt collector."  (*See* 9/28/18 O&O 10; 9/26/19 O&O 5.)[8]

Separately, Plaintiff's assertion that Defendants' efforts to collect Plaintiff's debt were "incidental to [their] declared fiduciary obligation," (Allen Aff. ¶ 9), in fact supports the

---

reference.

[8] "9/26/19 O&O" refers to my September 26, 2019 Opinion & Order denying Plaintiff's First Motion for Reconsideration.  (Doc. 36.)

6

conclusion that they are not debt collectors under the FDCPA. The FDCPA expressly exempts from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F); (*see* 9/26/19 O&O 5.)

Because Plaintiff has failed to present the "exceptional circumstances" required for reconsideration, and instead, "repeat[s] old arguments previously rejected" twice, Plaintiff's motion for consideration is denied. *Associated Press*, 395 F. Supp. 2d at 19.

### IV. Conclusion

For the foregoing reasons, Plaintiff's second motion for relief from the 9/28/18 O&O is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Entry 37, to close the case, and to mail a copy of this order to Pro Se Plaintiff.

SO ORDERED.

Dated: May 17, 2021
      New York, New York

Vernon S. Broderick
United States District Judge